**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4774**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANGELO NATHANIEL LYNCH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:18-cr-00291-BO-1)

Submitted:  December 22, 2020                          Decided:  January 7, 2021

Before WILKINSON, HARRIS, and RUSHING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Richard Croutharmel, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angelo Nathaniel Lynch appeals the 144-month sentence imposed by the district court following his guilty plea to conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846; possession with intent to distribute and distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking felony, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). Lynch contends that his sentence is procedurally unreasonable because the district court failed to adequately explain the sentence or address Lynch's nonfrivolous argument for a lower sentence based on his age and serious health problems. We agree and therefore vacate the district court's judgment.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, afforded the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

> When rendering a sentence, the district court must make an individualized assessment based on the facts presented and must state in open court the particular reasons supporting its chosen sentence. The district court must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow [us] to conduct a meaningful appellate review.

*United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). "There is no mechanical approach to our sentencing review," and "the adequacy of the sentencing court's explanation depends on the complexity of each case." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 206 (2019).

"We cannot assume that a sentencing court truly considered the parties' nonfrivolous arguments or the defendant's individual characteristics when the record fails to make it patently obvious." *Provance*, 944 F.3d at 218 (internal quotation marks omitted). In conducting this review, we do "not evaluate a court's sentencing statements in a vacuum" but rather "look at the full context, including the give-and-take of a sentencing hearing." *United States v. Nance*, 957 F.3d 204, 213 (4th Cir. 2020); *see Provance*, 944 F.3d at 218 ("Engaging counsel in a discussion about the merits of an argument in favor of a particular sentence . . . may be sufficient to permit a reviewing court to infer that a sentencing court gave specific attention to a defendant's argument." (internal quotation marks omitted)). But we are not permitted to guess at the district court's rationale by "searching the record for statements that might explain a sentence." *Provance*, 944 F.3d at 219 (ellipsis and internal quotation marks omitted); *see Ross*, 912 F.3d at 745.

Lynch was 57 at the time of sentencing and suffered from several serious health problems. He asked the district court to impose a below-Guidelines sentence of 48 months for the drug offenses and 60 months for the firearm offense. The Government correctly notes that Lynch's arguments were brief, and that the district court recommended that Lynch receive health care in prison. But we agree with Lynch that the full context of the sentencing hearing in this case does not demonstrate that the district court actually

3

considered Lynch's nonfrivolous argument that a sentence within the Guidelines range was too high in light of his age and health.  Because we may not guess at the district court's rationale for rejecting this argument, we are prevented from conducting meaningful appellate review.  Further, although the Government contends that any procedural error was harmless, we conclude that the Government has failed to demonstrate "that the error did not have a substantial and injurious effect or influence" on Lynch's sentence.  *See United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010).

We therefore vacate the sentence and remand the case for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*